**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ralph Luther BLEVINS,**
**Defendant-Appellant.**

**No. 76–2420.**

United States Court of Appeals,
Fifth Circuit.

July 13, 1977.

P. Bruce Kirwan, Federal Public Defender, Atlanta, Ga. (Court-appointed not under ACT), Andrew H. Marshall, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Jeffrey B. Bogart, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

**1238**

Before GOLDBERG and HILL, Circuit Judges, and KERR, District Judge.*

KERR, District Judge.

Defendant, Ralph Luther Blevins, was indicted, tried and convicted by a jury on a one-count indictment charging assault with a dangerous weapon under the provisions of 18 U.S.C.A. § 113(c). On appeal defendant urges that the trial court erred in its instructions on self-defense, that the prosecutor's behavior deprived him of a fair trial, and that the trial court improperly commented on the evidence.

The indictment is based upon an incident which occurred within the confines of the United States Penitentiary in Atlanta, Georgia, on May 31, 1975. Defendant and the victim, Martin Conover, had maintained a homosexual relationship prior to the stabbing which, at the time of this incident, Conover had sought to end in order to establish a relationship with another inmate, Alvin King. King and his friends had violent reputations in the prison. In an attempt to avoid a confrontation, defendant had met with King on May 30, 1975, and believed that the situation was settled.

On the morning of May 31, 1975, defendant left his cell in order to go to his job in the prison industry building. On his way to work defendant passed by the commissary where Conover, King and other inmates had gathered. The conflict in the evidence is over who initiated the ensuing fight. Defendant testified that Conover called him over to talk. As defendant approached him, Conover pulled a knife from his shirt. Defendant testified that he wrestled the knife from Conover and stabbed him with it. The government's version of the encounter pictured defendant as the aggressor. Several witnesses testified that defendant followed Conover into the commissary and hit him several times, causing him to start bleeding. Once they left the commissary, defendant stabbed Conover as Conover was attempting to flee.

Defendant does not deny stabbing Conover but claims that he acted in self-defense, believing that he was in imminent danger of death or serious bodily harm from Conover and his friends. The government sought to refute this self-defense theory by showing that defendant was the aggressor throughout the incident and that he, not Conover, brought the knife to the meeting.

Defendant's first argument is that the district court improperly instructed the jury that he was under the duty to avoid the attack or retreat. Defendant asserts that he was in a place where he had a right to be and that he was entitled to stand his ground rather than retreat in such a situation. The government relies upon *United States v. Peterson*, 157 U.S.App.D.C. 219, 483 F.2d 1222, cert. denied, 414 U.S. 1007, 94 S.Ct. 367, 38 L.Ed.2d 244 (1973) and *Laney v. United States*, 54 App.D.C. 56, 294 F. 412 (1923), to uphold the challenged instruction.

There is clearly no absolute requirement that one retreat and there are circumstances under which one is entitled to stand his ground. *Brown v. United States*, 256 U.S. 335, 41 S.Ct. 501, 65 L.Ed. 961 (1921); *Rowe v. United States*, 164 U.S. 546, 17 S.Ct. 172, 41 L.Ed. 547 (1896); *Beard v. United States*, 158 U.S. 550, 15 S.Ct. 962, 39 L.Ed. 1086 (1895). "Detached reflection cannot be demanded in the presence of an uplifted knife." *Brown v. United States*, supra 256 U.S. at 343, 41 S.Ct. at 502. Even the cases cited by the government recognize an exception to the duty to retreat or avoid confrontation where to do so would increase the risk of serious bodily harm to one's self. Thus, if the challenged instructions of the district court were to impose an unequivocal and absolute duty on defendant to retreat, we would be confronted with a different case.

The record, however, reveals that the trial court gave a qualified instruction as to defendant's duty to retreat. The court charged that defendant

* Senior District Judge for the District of Wyoming, sitting by designation.

. . . must do everything in his power *consistent with his safety* to avoid the danger and avoid the necessity of taking life. If one has reason to believe that he will be attacked in a manner which threatens him with bodily injury, he must avoid the attack *if it is possible to do so,* and the right of self-defense does not arise until he has done everything in his power to prevent its necessity. (emphasis added)

Now, if the defendant did not provoke the attack, or if the defendant was not the aggressor and if he had reasonable grounds to believe and actually did believe that he was in eminent (sic) danger of death or serious bodily harm, and that deadly force was necessary to repel such danger, he would not necessarily be required to retreat or to consider whether he could safely retreat; but if the defendant could have safely retreated and did not do so, his failure to retreat is a circumstance which you may consider together with the other circumstances in the case, in determining whether he went farther in repelling the danger, real or apparent, than he was justified in doing under the circumstances.

 In sum, the trial court's instructions on the duty of defendant to retreat and avoid the confrontation were limited to those acts which were consistent with his safety. Defendant's failure to retreat and avoid the confrontation was a circumstance to be considered with all others in determining whether he went further than he was justified in doing, and the trial court's instructions were adequate under the law.[1]

 Defendant complains that the district court improperly limited its supplemental instruction to the theory of the government's case. After the jury had retired to deliberate, the jurors sent a note to the court requesting that they be reinstructed on the law of self-defense. Defendant cites as error the court's failure to reinstruct that the claim of self-defense is not necessarily defeated if greater force than would appear necessary was used by defendant in the heat of passion and the failure to reinstruct that the government had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.

The court's original instruction was a lengthy and complete charge. The supplemental instruction charged the jury that they were also to consider the general charge. The supplemental charge must be considered as an addition to the original instruction rather than as an independent charge. As long as the combined charges accurately cover the point of law at issue, no reversible error exists. *Windisch v. United States,* 295 F.2d 531 (5th Cir. 1961); *Cain v. United States,* 274 F.2d 598 (5th Cir.), cert. denied, 362 U.S. 952, 80 S.Ct. 864, 4 L.Ed.2d 869 (1960); *Lambert v. United States,* 261 F.2d 799 (5th Cir. 1958). In this instance the court was within the approved instructional boundaries on self-defense. While it would have been preferable for the trial judge again to have given the full instruction on self-defense, defendant may not prove error for the refusal to charge exactly as he requested. *Posey v. United States,* 416 F.2d 545 (5th Cir. 1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970).

 Defendant alleges that the record reveals repeated instances of prejudicial prosecutorial misconduct. The instances of alleged misconduct include shouting, questioning a witness about his attitude towards the prosecution, and a vague comment which could be interpreted as an accusation that defense counsel had acted improperly.

---

1. We apprehend that the better practice when instructing on the theory of self-defense is to phrase the instructions positively rather than negatively as the trial court did in this case. The trial court, in effect, instructed that defendant was required to retreat unless he had reasonable grounds to believe and actually did believe that he was in imminent danger of death or serious bodily harm. We think that the better instruction would provide that defendant was *not* required to retreat if he had reasonable grounds to believe and actually did believe that he was in imminent danger of death or serious bodily harm. See Devitt and Blackmar, Federal Jury Practice and Instructions § 41.21 (3d Edition, 1977).

**1240**

We conclude that the misconduct cited by defendant does not reach the level of abuse which would constitute prejudicial reversible error.

■ In those instances where a new trial has been granted because of prosecutorial misbehavior, the conduct has been of such an extreme nature that an instruction to the jury could not effectively remedy the damage. Misconduct, to warrant reversal, must be so pronounced and persistent that it permeates the entire atmosphere of the trial. *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Of course, the trial court's assessment of the objections to the prosecutor's conduct must be given considerable weight. See *Cline v. United States*, 395 F.2d 138, 141–142 (8th Cir. 1968).

The trial court sustained certain of the objections made by defense counsel, admonished the prosecutor, and instructed the jury to ignore certain remarks made by the prosecutor. The claims of error span the course of a two-day trial and it is apparent from the record that the trial court felt that any possible prejudice was adequately avoided by his instructions. We agree.

The final issue raised is whether the trial court improperly limited the jury's consideration of the evidence of self-defense by its comments. In this case neither party had clearly established who had brought the knife to the confrontation site. Under defendant's theory, Conover originally pulled a knife on him and he wrestled it away and stabbed Conover. The trial court commented to the jury:

Now, you must consider the situation which existed at the time when the defendant had possession of that knife, when the victim Conover did not have the possession of that knife, and then determine whether at that point in time the defendant had any reason to believe that he was in imminent danger of death or serious bodily harm from which he could save himself only by using deadly force against the victim Conover.

Defendant argues that this comment improperly limited the jury's consideration of the evidence to the point in time at which defendant possessed the knife rather than Conover.

■ The trial judge has, of course, the right to analyze and comment on the evidence and to direct and assist the jury whenever he considers it necessary in reaching a just result. *United States v. Murdock*, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933); *Quercia v. United States*, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); *United States v. Dopf*, 434 F.2d 205 (5th Cir. 1970); *Kyle v. United States*, 402 F.2d 443 (5th Cir. 1968). In commenting upon testimony the judge may not assume the role of a witness. He may analyze and dissect the evidence, but he may not distort it or add to it. In expressing an opinion on the evidence, deductions and theories not warranted by the evidence should be studiously avoided. The judge may not charge the jury upon a supposed or conjectural state of facts of which no evidence has been offered. Nor may he comment upon the defendant's credibility so as to usurp the jury function. *Quercia v. United States*, supra. "In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important; and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination." Id. at 469, 53 S.Ct. at 699.

■ We conclude that the trial court's comments were proper. The circumstances referred to by the trial court were supported by uncontradicted evidence. Even defendant admitted that at one point he had possession of the knife and the obvious question which arose was why defendant did not at that point cease the battle. Of course, defendant contends that such detached reflection was not required in the heat of battle. At any rate the trial court almost immediately instructed the jury that they were the sole trier of the facts. We do

 

not feel that the trial court's comments were so prejudicial, particularly in light of the curative instruction given to the jury, as to require reversal.

AFFIRMED.