UNITED STATES of America, Appellee,

v.

Earl Louis DEON, a/k/a Sonny Deon, Appellant.

No. 80–2048.

United States Court of Appeals, Eighth Circuit.

Submitted May 22, 1981.

Decided Aug. 14, 1981.

Ted L. McBride, Asst. U. S. Atty., Rapid City, S. D., for appellee.

Ann C. Jones, argued, Banks & Johnson, a Professional Corporation, Rapid City, S. D. (court-appointed), Terry L. Pechota, U. S. Atty., Ted L. McBride, John J. Ulrich, Asst. U. S. Atty., Rapid City, S. D., argued for appellant.

Before GIBSON, Senior Circuit Judge, ARNOLD, Circuit Judge, and McMANUS,* District Judge.

PER CURIAM.

Earl Louis Deon appeals from his conviction, pursuant to 18 U.S.C. § 1153 and 18 U.S.C. § 113(f), for assault resulting in serious bodily injury. Deon raises three points

* The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

on appeal: (1) that the trial court[1] should have directed a verdict in his favor, (2) that the trial court gave the wrong jury instruction on the issue of self-defense, and (3) that the trial court improperly determined as a matter of law that a shooting had occurred, at Pine Ridge, South Dakota, rather than leaving that factual inquiry, regarding the crime charged, to the jury. We affirm.

The facts established at trial revealed that on or about April 11, 1980, sometime after midnight, Chanfield Folson was shot, once in the left side and once in the back, while he was staying at his mother's house on the Pine Ridge Indian Reservation.

On the night in question, Mr. Folson heard some disturbance outside the house. He went out to investigate and saw Deon, with a gun. At that point Deon said he was looking for a Jerry Richards. Apparently Folson became angry at Deon for bringing a gun to his residence. Folson took the gun away from Deon.

Folson could not recall what happened next; Deon did not testify at trial; and there were no other witnesses to the events which ensued. Folson did testify that he was angry and that he sometimes gets physically violent when he gets angry. He testified that he might have struck Deon.

Folson remembered returning the gun to Deon. At that point, while the two were standing several feet apart from each other, Deon shot Folson. Folson then turned and began to run away. He was shot again, this time in the back.

Deon contends that Folson's testimony about having possibly struck Deon raised the issue of self-defense and thereby shifted the burden to the Government to prove beyond a reasonable doubt that Deon did not act in self-defense. Deon concedes that the district court "recognized the appropriate rule of law concerning the burden of proof on the issue of self-defense" but argues that the court "did not correctly apply this rule when considering the Defendant's

Motion for a Directed Verdict." Appellant's brief at 8. Deon avers that there was no evidence presented on the issue of self-defense once the burden on the issue had shifted to the Government and that, thus, a verdict should have been directed in his favor.

Initially, we note that we "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision." *Burks v. United States*, 437 U.S. 1, 17, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978) (citation omitted). We would be at liberty to reverse only if the prosecution had clearly failed to produce sufficient evidence. *Id.* There was no such failure in this case.

From the evidence, the jury could have reasonably inferred that, at the time of the first shot, Deon was not being threatened with injury from Folson, or that, even if Deon was threatened, the force Deon used in retaliation was excessive, or that the fact that Folson was shot in the back indicated that Deon was not acting in self-defense.

> The verdict may be based in whole or in part on circumstantial evidence. The evidence need not exclude every reasonable hypothesis except that of guilt; it is sufficient if there is substantial evidence justifying an inference of guilt as found irrespective of any countervailing testimony that may have been introduced. If so, the issue of guilt or innocence has been properly submitted to the jury for its determination, and the motion for judgment of acquittal is properly denied. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Knife*, 592 F.2d 472, 475 (8th Cir. 1979); *United States v. Robinson*, 71 F.Supp. 9, 10 (D.D.C.1947).

*United States v. Lincoln*, 630 F.2d 1313, 1316–17 (8th Cir. 1980).

▪ Deon next contends that the jury instruction on the issue of self-defense was improper. The paragraph which he pro-

---

1. The Honorable Andrew Bogue, Chief Judge, United States District Court for the District of South Dakota.

posed and which was not given reads as follows:

A person who has been attacked and who is exercising his right of lawful self-defense is not required to retreat, and he not only may stand his ground and defend himself against the attack, but may also pursue his assailant until he has secured himself from danger if that course appears to him, and would appear to a reasonable person in the same situation, to be reasonably and apparently necessary; and this is his right even though he might more easily have gained safety by withdrawing from the scene.

The challenged portion of the self-defense instruction which was given states:

A person who has reasonable ground for believing, and does believe, that another person is about to inflict bodily injury upon him, need not retreat, but may stand his ground and defend the integrity of his person; and where in such self-defense of his person he injures his assailant, the law holds there is legal justification, provided he used no more or greater force or means than he in fact believed to be reasonably necessary, and would appear to a reasonable person, under like circumstances, to be necessary in order to prevent bodily injury to himself.

Deon argues that he was denied his right to have the jury instructed on his theory of the case, when there was evidence to support it and a proper request was made. *See United States v. Manning*, 618 F.2d 45, 47–48 (8th Cir. 1980).

 However, "a defendant is not entitled to a particularly worded instruction where the instructions given by the trial judge adequately and correctly cover the substance of the requested instruction." *Id.* at 48 (citations omitted).

 In the instant case, the court did adequately instruct the jury on the issue of self-defense. The jury could have determined, according to the instructions as given, that Deon's actions were reasonable and justified if the jury had found that Deon was being attacked at the time he shot Folson. But the facts established that Deon, with a gun, went to Folson's place of residence, ostensibly looking for a Jerry Richards. Folson did not carry a gun, but took the gun away from Deon and then returned it to him. Deon then aimed the gun to shoot Folson. It is difficult to perceive or cast Folson as the aggressor in these circumstances. The trial court's instructions were proper and did not exclude any legitimate theory of the case posed by the defense. The law does not condone revenge as a legitimate form of self-defense. One is "entitled to stand his ground and use such force as [is] reasonably necessary under the circumstances to save his life or protect himself from serious bodily harm," only if he believes on reasonable grounds that such danger is imminent. Devitt & Blackmar, Federal Jury Practice and Instructions § 41.21 (3d ed. 1977); *see United States v. Blevins*, 555 F.2d 1236, 1238–39 (5th Cir. 1977).

Finally, Deon argues that the court determined, as a matter of law, and included in its instructions, that (1) a shooting occurred at Pine Ridge on the date in question, and (2) Pine Ridge is in Indian country. Deon objects to the first conclusion, on the ground that, in effect, the court removed the presumption of his innocence and directed a verdict as to one element of the alleged crime. However, we find that the court did not instruct the jury that, as a matter of law, a shooting occurred at Pine Ridge.

In order for the federal district court to establish its jurisdiction over this case, two facts had to be shown: (1) that the defendant was an Indian, and (2) that the alleged events took place in Indian country. *See* 18 U.S.C. § 1153. The parties stipulated that the defendant, Deon, is an Indian. The court found that

there was a shooting of some type and this seems to be uncontested, and this occurrence took place on the grounds of the Bergen residence, and that residence is located within the boundaries of the City of Pine Ridge, and that the City of Pine Ridge is in the Pine Ridge Indian Reservation and is under our law therefore in Indian country.

In establishing its jurisdiction, the court also said, "I am not classifying the occurrence as a crime, because that is a decision that has to be made by the jury * * *."

The foregoing comments were made in the judge's chambers, not in open court. The jury was presented with the following instruction:

> The Court has found as a matter of law that Pine Ridge, South Dakota, the site of the alleged offense is in Indian country. You are therefore instructed that this Court's jurisdiction has been established.

Thus, the jury was not told that, as a matter of law, an offense had occurred, only that the site of the *alleged* offense, Pine Ridge, South Dakota, was in Indian country. This instruction, reduced to its essentials, finds as a matter of law only that Pine Ridge is in Indian country.

While the instruction at issue here might have been worded differently, *see, e. g., United States v. Jones*, 480 F.2d 1135, 1138 (2d Cir. 1973), it did not overstep the rightful province of the jury, especially when it is read in the context of the entire charge to the jury. *See Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). The conviction is affirmed.