**UNITED STATES of America, Appellee,**

v.

**David Charles CUNY, Appellant.**

**No. 85–5342.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 1986.
Decided Feb. 21, 1986.

Dennis C. Whetzal, Rapid City, S.D., for appellant.

Reed Rasmussen, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before HEANEY and BOWMAN, Circuit Judges and TIMBERS,* Senior Circuit Judge.

HEANEY, Circuit Judge.

David Charles Cuny was charged with assault resulting in serious bodily injury and assault with a dangerous weapon. The charges resulted from his involvement in an altercation at the Pine Ridge Indian Reservation. After a jury trial, Cuny was convicted of assault resulting in serious bodily injury and acquitted of assault with a dangerous weapon. On appeal, Cuny contests: (1) the sufficiency of the evidence, (2) the district court's ruling which allegedly prohibited him from testifying as to the victim's character, and (3) the district court's failure to instruct the jury regarding lesser included offenses. We address each of these contentions in turn.

■ Evidence is sufficient to convict if, taking the view most favorable to the government, there is substantial evidence to support the verdict. *United States v. Deon*, 656 F.2d 354, 355 (8th Cir.1981). Af-

ter carefully reviewing the record, we find that the evidence supports the conviction. Cuny conceded that he struck the victim with the rifle, and that the rifle seriously injured the victim. The only question is whether Cuny was acting in self-defense. A person is entitled to use reasonable force to save his life or protect himself from serious bodily harm, if he reasonably believes that such danger is imminent. *Deon*, 656 F.2d at 356. We find the record devoid of any evidence that he acted in self-defense. Cuny testified:

> I kicked him and then he was coming for me so I kicked him and then I just came across with the gun like that and hit him and the stock broke off. So I just laughed it off and I was looking around for that stock. * * * I loaded it before that again and then Davie said something so, as soon as I looked up he was almost on top of me so I was just going to club him like that and [the gun] just went off and he just dropped.

■ As to Cuny's second contention, we find that the district court did not abuse its discretion in sustaining the government's hearsay objection, which allegedly kept Cuny from testifying as to the victim's reputation. Cuny could have testified as to the victim's reputation had the proper questions been asked. They were not.

■ Finally, Cuny contends that the trial court erred when it failed to instruct the jury on the lesser included offenses of assault by striking, beating, or wounding, and simple assault. Because Cuny did not even propose lesser included offense instructions, appellate review of the court's failure to give such instructions is precluded unless he can establish that the court committed plain error under Fed.R.Crim.P. 52(b). *United States v. Holy Bear*, 624 F.2d 853, 855 (8th Cir.1980). We find no such error. The victim's injuries were very serious. He lost an eye and most of his forehead. Thus, a rational jury could not have convicted Cuny of a lesser included

* The Honorable William H. Timbers, Senior United States Circuit Judge for the United States Court of Appeals, Second Circuit, sitting by designation.

rather than assault resulting in serious bodily injury.

Affirmed.