888 F.2d 1387
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rose MECKLEY, Defendant-Appellant.
 No. 89-5033.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1989.
Decided Oct. 16, 1989.
 
 Ira Raymond Kirkendoll (Federal Public Defender's Office), for appellant.
 Michael W. Carey, United States Attorney, Charles T. Miller, Office of the United States Attorney, for appellee.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Rose Meckley appeals her conviction of assaulting a federal correctional officer.[1] See 18 U.S.C. Sec. 111. Through counsel, she contends that the district court erred in refusing her proposed instructions on self-defense,[2] and in a letter to this Court, she contends that the trial judge improperly instructed the jury on the elements of the offense she was charged with. We address these claims in turn.
 
 
 2
 Normally, a criminal defendant is entitled to an instruction on the substance of his defense if it is supported by the evidence. See United States v. Parker, 742 F.2d 127 (4th Cir.), cert. denied, 469 U.S. 1076 (1984); United States v. Mitchell, 495 F.2d 285 (4th Cir.1974). See also United States v. Goodface, 835 F.2d 1233 (8th Cir.1987) (self-defense instruction requested). In this inquiry, we view the evidence at trial in a light most favorable to the defendant. See United States v. Williams, 604 F.2d 277, 280 (4th Cir.), cert. denied, 444 U.S. 967 (1979).
 
 
 3
 Meckley argues that she was entitled to the proposed instructions because the force used[3] was necessary to protect her from a perceived "threat of future violence." Thus, Meckley contends that Officer Angell's threat to strip-search her forcibly constituted sufficient justification for her assault on Angell. In support, she points to evidence of prior experiences where she was forcibly searched or punished for refusing to consent to a search. On the other hand, the government argues that Meckley was not entitled to a self-defense instruction because there was no threat of imminent force. That is, the government correctly notes that Meckley actually consented to the search and struck Angell after the search. Thus, the government contends that the threat of a forcible search dissipated as soon as Meckley consented to the search, and her assault on Angell was unprovoked.
 
 
 4
 We agree with the argument advanced by the government. It is clear that a defendant must face an imminent threat of force to justify the use of self-defense. United States v. Deon, 656 F.2d 354, 356 (8th Cir.1981). Notably, the proposed instructions offered by Meckley recognize this requirement. Here, the evidence shows that there was no threat of violence once Meckley consented to the search. Thus, her act was merely one of revenge, which does not constitute a legitimate form of self-defense. Deon, 656 F.2d at 356. Therefore, the proposed instructions were properly refused because the evidence did not support the instructions. United States v. Parker, supra; United States v. Mitchell, supra.
 
 
 5
 Meckley also notes that the trial judge instructed the jury regarding the elements of the offense in the disjunctive but that the indictment charged the elements of the offense in the conjunctive. She claims that the trial judge's instruction was an improper amendment of the charging document. We disagree. Initially, we note that the district court's instruction properly tracked the disjunctive language of the statute. See 18 U.S.C. Sec. 111. Thus, the defect in this case was a typographical error in the indictment, not the instructions. In this regard, Meckley failed to object to this issue prior to, or at, trial. Therefore, she has waived any objection to this technical defect. See United States v. Terebecki, 692 F.2d 1345, 1347 n. 1 (5th Cir.1982); Fed.R.Crim.P. 12(b)(2) and 12(f). See also United States v. Price, 763 F.2d 640, 643 n. 5 (4th Cir.1985); United States v. Paolicelli, 505 F.2d 971, 973 n. 2 (4th Cir.1974).
 
 
 6
 Moreover, we note that conjunctive pleading of several different ways of committing an offense is permissible if the proof adduced will sustain conviction on any one of the allegations. See Turner v. United States, 396 U.S. 398, 419-20 (1970); United States v. McGinnis, 783 F.2d 755 (8th Cir.1986). In this regard, the evidence amply supported Meckley's conviction of forcibly assaulting Officer Angell. This is sufficient under 18 U.S.C Sec. 111. Thus, even if Meckley had objected to the indictment she would not have been entitled to relief.
 
 
 7
 Accordingly, we affirm Meckley's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Meckley was serving a state sentence at the Federal Correctional Institution at Alderson, West Virginia during this alleged episode
 
 
 [2]
 Meckley proffered three different standard jury instructions on self-defense
 
 
 [3]
 Meckley hit officer Angell in the face with her fist