919 F.2d 739
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry D. LOWE, Defendant-Appellant.
 No. 90-3184.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant seeks review of the district court's order denying his untimely motion for a new trial. For the reasons stated below, we AFFIRM the judgment of the district court.
 
 
 2
 On March 30, 1989, a federal grand jury returned a thirteen-count indictment charging appellant, a disbarred attorney, with five counts of making false statements on loan applications in violation of 18 U.S.C. Sec. 1014; with five counts of using a false social security number in violation of 42 U.S.C. Sec. 408(g)(2); with one count of bank fraud in violation of 18 U.S.C. Sec. 1344; with one count of use of unauthorized access devices in violation of 18 U.S.C. Sec. 1029; and with one count of interstate transportation of securities obtained by fraud in violation of 18 U.S.C. Sec. 2314. An August 23, 1989 jury verdict convicted appellant of four of the five counts involving false statements on loan applications, and on all other counts except the one dealing with unauthorized use of access devices. On March 6, 1990, appellant, through different counsel, brought a motion for a new trial alleging ineffective assistance of counsel, and prosecutorial misconduct. The district court denied the motion, stating it had no jurisdiction because the motion was not filed within the 7-day limit prescribed in Fed.R.Crim.P. 33, and because the grounds advanced could not be construed as newly discovered evidence.[1] Appellant appeals the denial of his motion for a new trial on the above grounds and also on the grounds of alleged prejudice arising from a alternate juror's unsuccessful attempt to make contact with a federal agent during recess. Finally, appellant argues that the trial court improperly sentenced him on lesser included offenses of other offenses for which he also received sentence.
 
 ANALYSIS
 
 3
 A. Alleged Ineffective Assistance of Counsel
 
 
 4
 Appellant's ineffective assistance of counsel claim stems from the defense counsel's failure to call witnesses to corroborate the defendant's testimony regarding twelve of thirteen counts, and from the fact that defense counsel elicited testimony that harmed appellant. We summarily dispose of this claim by observing that appellant failed to raise it within the 7-day limit prescribed by Fed.R.Crim.P. 33. Recently, in United States v. Swidan, 888 F.2d 1076, 1081 (6th Cir.1989) (en banc), reh'g denied, 1989 U.S.App. LEXIS 19802, we refused to consider an ineffective assistance of counsel claim which was raised for the first time on appeal, explaining: "This rule is necessary because the record of the trial court's proceeding is normally insufficient for purposes of evaluating counsel's performance." Swidan, 888 F.2d at 1081 (quoting United States v. Lopez, 728 F.2d 1359, 1363 (11th Cir.) (per curiam), cert. denied, 469 U.S. 828 (1984)). We believe the same rule should apply not only when an appellant entirely fails to raise such a claim below, but also when, as here, the claim is raised below in an untimely motion for a new trial which the district court is without jurisdiction to hear.[2] Moreover, claims of ineffective assistance of counsel based upon facts known to the defendant before and during the course of the trial do not constitute newly discovered evidence so as to invoke the two year limit under Rule 33. United States v. Lara-Hernandez, 588 F.2d 272, 275 (9th Cir.1978).
 
 B. Alleged Prosecutorial Misconduct
 
 5
 Unlike a claim of ineffective assistance of counsel, a claim of prosecutorial misconduct does not normally involve "factual matters concerning trial strategy outside the trial record." United States v. Dukes, 727 F.2d 34, 36 (2d Cir.1984). Thus, a claim of prosecutorial misconduct may be raised on direct appeal under Fed.R.App.P. 4(b)[3] to the extent that defense counsel "object[s] to that misconduct at the time of trial in manner sufficient to preserve the issue for appeal," notwithstanding a failure to bring a motion for a new trial based on the alleged misconduct. Dukes, 727 F.2d at 40. Absent objection, the claim of prosecutorial misconduct "may be reviewed only for plain error." Id. In this case, defense counsel failed to object to the alleged prosecutorial misconduct at trial, and we therefore proceed under a plain error analysis.
 
 
 6
 Appellant's first claim of prosecutorial misconduct arises from the government's introduction of certain credit reports. Appellant contends that a seven-foot computer printout from the Credit Bureau of Zanesville detailing seven of Lowe's previous credit identities was introduced purely for dramatic purposes. The custodian of records for the Credit Bureau of Zanesville testified, however, that the printout was presented at trial in exactly the same form in which credit reports are normally produced. Lowe's claim that the printout was designed to have a dramatic effect is therefore unfounded. Lowe also complains that credit reports from the Credit Bureau of Toledo were improperly introduced into evidence because none of the lending institutions named in the indictment obtained a report from that credit bureau. However, this argument overlooks the fact that these reports were introduced into evidence to show that Lowe had adopted the Social Security numbers of several persons living in the Toledo area.
 
 
 7
 Appellant's second claim of prosecutorial misconduct arises from the fact that the prosecutor in his opening statement told the jury that Lowe had been suspended from the practice of law. The record below clearly demonstrates, however, that the government sought to introduce such evidence to demonstrate that, given Lowe's past employment, he had knowledge of his correct Social Security number and did not report the false numbers by mistake. Such evidence was proper under Fed.R.Evid. 404(b)[4] to rebut Lowe's testimony by showing absence of mistake or accident.
 
 
 8
 Appellant's third claim of prosecutorial misconduct arises from allegedly misleading questions and argument made by the prosecutor during the course of the trial and in closing argument. Specifically, appellant takes issue with the following conduct during trial: the prosecutor called as a witness a man in a wheelchair whose Social Security number Lowe had appropriated; the prosecutor attempted to link Lowe to investigations of the bank of which he was a shareholder; the prosecutor unsuccessfully attempted to introduce into evidence a report made by the Comptroller of the Currency, and former convictions which were more than ten years old; and the prosecutor asked a bank witness if the bank "usually" ran a credit check based on the Social Security number of loan applicants, knowing the bank had not requested a credit check on Lowe. Appellant also complains of the following conduct during closing argument: the prosecutor suggested that the charges in the indictment should be considered part of an on-going scheme to defraud; and the prosecutor referred to Lowe as a person "who has made a practice out of lying."
 
 
 9
 We address each of these alleged errors individually, finding that none has merit. Beginning with alleged errors at trial, it is plain that the prosecutor did not intend to call the witness in the wheelchair merely to invoke sympathy because his testimony was relevant, and the transcript indicates that the prosecutor had no knowledge of the witness's physical disability until moments before his testimony. Next, Lowe failed to demonstrate any prejudice resulting from the prosecutor's unsuccessful attempt to introduce the Comptroller's report and the stale convictions into evidence. Finally, the prosecutor's efforts to link defendant to investigations of the bank, and the questioning of the bank witness regarding the credit check, do not warrant reversal because prosecutorial misconduct will not be grounds for granting a new trial unless it was "so pronounced and persistent that it permeated the entire atmosphere of the trial." United States v. Lichenstein, 610 F.2d 1272, 1281 (5th Cir.), cert. denied sub nom. Bella v. United States, 447 U.S. 907 (1980) (quoting United States v. Blevins, 555 F.2d 1236, 1240 (5th Cir.1977), cert. denied, 424 U.S. 1016 (1978)). Regarding alleged errors in closing argument, the comments were representative of accepted advocacy techniques and merely set forth the prosecutor's version of the case. See United States ex rel. Bradley v. Lane, 834 F.2d 645, 652 (7th Cir.1987), cert. denied, 486 U.S. 1012 (1988).
 
 
 10
 C. Alternate Juror's Unsuccessful Attempt to Contact Federal Agent
 
 
 11
 Appellant next argues that the fact that one of the alternate jurors attempted to have a conversation during a recess period with a government FBI agent who assisted the government at trial necessitates a new trial. We disagree. The burden of proof rests upon a defendant to demonstrate that unauthorized communications with jurors resulted in actual juror partiality and prejudice is not to be presumed. United States v. Pennell, 737 F.2d 521, 532 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985). Appellant has failed to sustain that burden. Immediately following the alternate juror's attempt to contact the agent, counsel for the government advised the trial court and Lowe's counsel that the agent had refused to talk or have any contact with the alternate juror. Although a trial judge has a duty to investigate and determine possible juror misconduct, in this case there was nothing to investigate because the juror's attempt to make contact was unsuccessful. "Since the trial judge is in the best position to determine the nature and extent of alleged jury misconduct, his decision on the scope of proceedings necessary to discover misconduct is reviewed only for an abuse of discretion." United States v. Shackleford, 777 F.2d 1141, 1145 (6th Cir.1985).
 
 D. Claim of Improper Sentencing
 
 12
 Lastly, appellant contends that the district court improperly sentenced him on lesser included offenses of other offenses for which he also received sentence. The government responds by stating that 18 U.S.C. Sec. 1014, 42 U.S.C. Sec. 408(g), 18 U.S.C. Sec. 1344, and 18 U.S.C. Sec. 2314 are not lesser included offenses of one another because, although they share some similar elements, each statute requires proof of an additional fact which the other statutes do not. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We agree, and find that the district court's sentencing was proper. The district court's judgment is AFFIRMED.
 
 
 
 [1]
 Fed.R.Crim.P. 33 provides in part: "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period."
 
 
 [2]
 See, e.g., United States v. Miller, 869 F.2d 1418, 1420 (10th Cir.1989) ("The seven-day period for filing a motion for a new trial, based upon any ground other than newly discovered evidence, is a jurisdictional limit on the district court's power to act.")
 
 
 [3]
 Fed.R.App.P. 4(b) provides in part: "In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the Government."
 
 
 [4]
 Fed.R.Evid. 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."