NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRYSTON WARE, *Appellant.*

No. 1 CA-CR 14-0800
FILED 11-17-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-009267-002
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Chris DeRose
*Counsel for Appellee*

Office of the Legal Defender, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**G O U L D,** Judge:

¶1         Bryston Ware appeals his convictions for eleven counts of aggravated assault, eight counts of endangerment, one count of leading or participating in a criminal street gang, and one count of assisting a criminal street gang. Ware argues the court erred in denying his motion to strike a juror for cause, and he contends the prosecutor engaged in misconduct during closing arguments. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2         Ware, a member of the Vista Park Bloods street gang, fired a handgun multiple times at rival Crips gang members who were waiting in line outside a music venue located in a strip mall to attend rap artist Nipsey Hussle's concert. Several victims were injured by the gunfire. The State subsequently charged Ware with twelve counts of aggravated assault, a class three dangerous felony; eight counts of endangerment, a class five dangerous felony; one count of leading or participating in a criminal street gang, a class two felony; and one count of assisting a criminal street gang, a class three felony.

¶3         At trial, the court granted Ware's motion for judgment of acquittal on one of the aggravated assault counts. *See* Ariz. R. Crim. P. 20(a). The jury found Ware guilty of the remaining counts as charged, and the court imposed presumptive and concurrent terms of incarceration. Ware appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the

---

[1]     We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033(A)(1) (West 2015).[2]

## DISCUSSION

### I.    Juror Misconduct

¶4        During trial, defense counsel informed the court and the State he had received information that one or two jurors were recently in the parking lot where the crimes occurred, and they waved to Ware's relative who was eating in a nearby restaurant.  The court asked the jury panel whether anyone had recently been in the parking lot, and only juror 16 responded that she had.  She explained that she had driven thru the parking lot looking for a particular restaurant, and she left immediately when she realized the restaurant was not at that location.  Juror 16 further explained that she was not with any other jurors at the time and that she did not realize until after she entered the parking lot that it was the crime scene in this case.  Without elaboration, Ware moved to strike the juror for cause, and the court denied the motion.  Ware renewed his objection in a post-verdict motion for new trial.  The court also denied that motion.

¶5        Ware argues the court erred in denying his motions to strike and for new trial because juror 16 failed to abide by the admonition when she visited the crime scene.  Ware specifically contends that "it cannot be shown that . . . independent information about the crime scene . . . obtained by juror 16 did not taint the verdict[.]"  We reject this argument.

¶6        "We review a trial court's decision whether to strike jurors for cause for abuse of discretion."  *State v. Glassel*, 211 Ariz. 33, 47, ¶ 46 (2005) (opinion corrected on denial of reconsideration, 211 Ariz. 370 (2005)).  Such deference to the trial court is proper because of its "superior opportunity to assess the juror's demeanor and credibility[.]"  *State v. Roque*, 213 Ariz. 193, 220, ¶ 102 (2006) (internal citation omitted).

¶7        We review a trial court's decision to deny a new trial based on juror misconduct for an abuse of discretion.  *State v. Hall*, 204 Ariz. 442, 447, ¶ 16 (2003).  To prevail on a motion for new trial based on juror misconduct, a defendant must first show that a juror obtained and considered extrinsic evidence that was not admitted at trial. Ariz. R. Crim. P. 24.1(c)(3)(i).  Additionally, a defendant must establish he suffered actual

---

[2]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

prejudice, or that "prejudice may be fairly presumed from the facts." *State v. Miller*, 178 Ariz. 555, 558 (1994) (emphasis and citation omitted); *see State v. Aguilar*, 224 Ariz. 299, 301, ¶ 6 (App. 2010) ("[O]nce a defendant shows the jury received and consulted extraneous information, prejudice must be presumed and a new trial must be granted unless the State proves beyond a reasonable doubt the information did not taint the verdict.") (as corrected May 7, 2010).

**¶8** Here, although defense counsel stated that Ware's relative observed at least one juror at the location of the crimes, no supporting affidavits or testimony was presented to support this assertion. Thus, the only "evidence" that the trial court could consider was juror 16's explanation that she inadvertently drove through the parking lot where the crimes occurred and promptly left, an explanation the court apparently found credible. Nothing indicates the juror stopped and investigated the scene or otherwise observed anything relevant to this case.

**¶9** On this record, Ware cannot establish that juror 16 received extrinsic evidence. Nothing in the record indicates juror 16 observed anything relevant to the case when she drove through the parking lot. As a result, there is no evidence showing that Ware was prejudiced by the juror's temporary presence in the parking lot. Accordingly, we find no abuse of the court's discretion in denying Ware's motions to strike and for new trial.

**¶10** Ware also suggests the court should have (1) reminded juror 16 of the admonition, (2) informed her that it would be improper to consider the "extrinsic information" during deliberations, and (3) ordered her not to discuss her "independent observations" with the other jurors. Ware did not make these requests at trial; thus, we are limited to fundamental error review. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005); *State v. Lopez*, 217 Ariz. 433, 434-35, ¶ 4 (App. 2008). To obtain relief, Ware has the burden to show that error occurred, the error was fundamental and that he was prejudiced thereby. *See Henderson*, 210 Ariz. at 567-68, ¶¶ 20-22. To conclude fundamental error occurred, we must first find error. *State v. Lavers*, 168 Ariz. 376, 385 (1991).

**¶11** We find no error, let alone fundamental prejudicial error. The jury was admonished at the beginning of the trial that they could not visit the crime scene or receive any evidence not properly admitted into evidence at trial. In addition, the court repeatedly instructed the jury "to remember the admonition" prior to and after juror 16 disclosed her presence at the crime scene.

4

II.     Prosecutorial Misconduct

**¶12**          Before trial, the court precluded testimony that Nipsey Hussle is "not a mainstream rap artist" or that "most of his music is too hardcore for mainstream audiences." During closing argument, the prosecutor twice suggested a possible motive for the crimes by stating Nipsey Hussle was "a known Crip singer." Ware did not object.

**¶13**          Ware argues the prosecutor's statements connecting Nipsey Hussle to the Crips violated the court's preclusion order and improperly referenced a fact not in evidence. Ware contends the court's failure to *sua sponte* take some unspecified corrective measure amounted to fundamental error that resulted in an unfair trial.

**¶14**          To prevail on this issue of prosecutorial misconduct, Ware must show that "(1) misconduct exists and (2) 'a reasonable likelihood exists that the misconduct could have affected the jury's verdict, thereby denying defendant a fair trial.'" *State v. Morris*, 215 Ariz. 324, 335, ¶ 46 (2007) (quoting *State v. Anderson* (*Anderson II*), 210 Ariz. 327, 340 ¶ 45 (2005)). Misconduct can occur if a prosecutor makes statements that call a jury's attention to matters it "was not justified in considering in determining its verdict[.]" *State v. Lee*, 189 Ariz. 608, 616 (1997). We find no misconduct occurred; thus, Ware fails to establish fundamental error.

**¶15**          First, the prosecutor's statement that Nipsey Hussle is a known Crip singer did not violate the preclusion order, which only pertained to the "hardcore" quality of Nipsey Hussle's music and the fact his music is not "mainstream." The order did not pertain to Nipsey Hussle's affiliation with the Crips.

**¶16**          Second, the Crip affiliation could reasonably be inferred by the evidence. The State introduced into evidence a recording of Ware's police interview, during which he attempted to dispel the gang-related nature of the crimes by explaining that he listens to Nipsey Hussle's music despite the rapper's affiliation with the Crips, a street gang that is a rival to Ware's gang. Thus, the prosecutor's statements were based on the evidence and did not amount to misconduct. *See State v. Bible*, 175 Ariz. 549, 602 (1993) ("during closing arguments counsel may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions.").

**¶17**          Finally, even if the Crip statements did constitute misconduct, the two statements were brief, isolated remarks made at the end of a lengthy trial. Accordingly, the statements did not result in an unfair trial, and,

therefore, reversal would not be warranted even assuming misconduct occurred. *See State v. Atwood,* 171 Ariz. 576, 611 (1992) ("Reversal on the basis of prosecutorial misconduct requires that the conduct be 'so pronounced and persistent that it permeates the entire atmosphere of the trial.'") (quoting *United States v. Weinstein,* 762 F.2d 1522, 1542 (11th Cir. 1985) (quoting *United States v. Blevins,* 555 F.2d 1236, 1240 (5th Cir. 1977))); *State v. Henry*, 176 Ariz. 569, 581 (1993) (after nine days of testimony, single reference during closing argument to defendant being a psychopath "did not influence the verdict and was not so egregious as to deny [defendant] a fair trial.").

## CONCLUSION

¶18        For the foregoing reasons, we affirm Ware's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama