[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15196
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00034-RH-l


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH HOBSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____


(December 1, 2016)


Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

On July 18, 2014, Kenneth Hobson, a federal prisoner, was housed at

Mariana Federal Correctional Institution. While in his cell for a strip search by Lt.

Benjamin Noblin, Hobson refused to comply; instead, he asked to go to the Lieutenant's office. As Hobson was going up some steps leading to that office, he concluded that Lt. Noblin had stepped on his heel. He reacted by striking Lt. Noblin in the face repeatedly, knocking him unconscious, and while Noblin was unconscious, kicking him in the head.

A jury convicted Hobson of assault on a correctional officer, in violation of 18 U.S.C. § 111(a)(1) and (b), and the District Court sentenced him to prison for a term of 92 months. Hobson appeals his conviction, arguing that the Court erred in instructing the jury on self-defense that self-defense required his actions to have been the "only practical way to avoid" the correctional officer's use of excessive force. He also argues that the Court made numerous errors in instructing the jury on the elements of the charged offense and his defense such that the cumulative effect was to deny him a fair trial. Having considered the record in the light of the arguments the parties advanced in their briefs, we affirm.

I.

We review objections to jury instructions *de novo* to determine whether they misstated the law or prejudiced the objecting party by misleading the jury. *United States v. House,* 684 F.3d 1173, 1196 (11th Cir. 2012). In charging the jury before it retired to deliberate, the Court instructed them as follows on self-defense:

2

An inmate who uses force against a correctional officer acts in self-defense only if three things are all true. First, the inmate must reasonably believe that the officer is about to use excessive force against the inmate —that a use of excessive force is imminent. Second, the inmate must reasonably believe that the *only practical way* to avoid the officer's use of excessive force is for the inmate to himself use force against the officer. And third, the inmate must use only the amount of force that the inmate reasonably believes is necessary to avoid the officer's use of excessive force against the inmate.

An inmate 'reasonably believes' something only if the inmate actually believes it and, in addition, a reasonable person in the same circumstances would believe it. What an inmate 'actually believes' is a subjective standard—it refers to what the specific, individual inmate believes. What a reasonable person would believe is an objective standard—it refers to what a reasonable person would believe in the same circumstances, not what this specific, individual inmate actually believes. An inmate acts in self-defense only when the subjective and objective standards are both met.

Doc. 64-2 at 7-8 (emphasis added).

On appeal, Hobson argues that the District Court should have instructed the jury that his use of force must only have been "reasonably necessary" to qualify as self-defense. He contends that the Court erred by requiring the jury to find that he acted in self-defense only if his actions were the "only practical way" he could have avoided bodily harm—that its instruction imposed a duty to retreat that the common law of self-defense does not impose. The error, he says, likely affected the verdict because the issue of self-defense was "hotly contested" and much of the Government's argument relied on the erroneous "only practical way" standard.

3

Hobson did not object to the self-defense instruction in conformance with Federal Rule of Criminal Procedure 30(d).[1]   Where, as here, the defendant objects to a jury instruction for the first time on appeal, we review the objection only for plain error. *Id.*   To demonstrate plain error, the defendant must establish that: (1) the district court erred; (2) the error was plain or obvious; (3) the error affected his substantial rights; and (4) the error damaged the fairness, integrity, or reputation of the court proceedings. *See House,* 684 F.3d at 1197. To be plain or obvious, the error must be contrary to an explicit statutory provision or our on-point precedent or on-point precedent of the Supreme Court. *United States v. Hoffman,* 710 F.3d 1228, 1232 (11th Cir. 2013).

A defendant who is violently assaulted in a place where he has a right to be has the right to use force against his assailant. *Beard v. United States,* 158 U.S. 550, 562, 15 S. Ct. 962, 966, 39 L. Ed. 1086 (1895). Under *Beard,* the defendant's use of force is justified if he reasonably believed that use of force was necessary to prevent death or great bodily harm.   *Id.*

_____

[1] Rule 30. Jury Instructions, states, in pertinent part:

> **(d) Objections to Instructions.** A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. An opportunity must be given to object out of the jury's hearing and, on request, out of the jury's presence. Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b).

Fed. R. Crim. P. 30(d). Rule 52(b) provides for plain error review of an objection not brought to the trial court's attention.

We have noted that a defendant claiming self-defense is under a duty to retreat and avoid confrontation, but that the duty is not absolute. *United States* v. *Blevins,* 555 F.2d 1236, 1238-39 (5th Cir. 1977). We explained that there is an exception to the duty where the defendant reasonably believed that he was in imminent danger of death or serious bodily harm. *Id.* In *Blevins,* the District Court instructed the jury that the defendant "must avoid the attack if it is possible to do so, and the right of self-defense does not arise until he has done everything in his power to prevent its necessity." *Id.* at 1239. While we have determined that the "better practice" is for a self-defense instruction to be phrased positively—that is, to state that the defendant is not required to retreat if he reasonably believes that he is in imminent danger of death or serious bodily harm—we have also upheld jury instructions phrased negatively—that is, stating that the defendant is required to retreat unless he reasonably believes that he is in imminent danger of death or serious bodily harm. *Id.* at 1239 n.l.

We review for plain error Hobson's challenge to the District Court's use of the phrase "only practical way to avoid" in its self-defense instruction because he only objects to the absence of an additional instruction to clarify that phrase. He does not contend that the Court's instruction prescribed an incorrect legal standard. Hobson has not shown that the Court's instruction was plainly erroneous because he has pointed to no on-point, binding precedent showing that the instruction

5

misstated the law and probably caused an incorrect verdict. *See Wright,* 392 F.3d at 1279.

## II.

The so-called cumulative-error doctrine provides for a reversal where an aggregation of non-reversible errors yields a denial of the constitutional right to a fair trial. *United States* v. *Capers,* 708 F.3d 1286, 1299 (11th Cir. 2013). Where there is no error in any of the district court's rulings, reversal under the cumulative-error doctrine is obviously inappropriate. *See United States* v. *Taylor, All* F.3d 1176, 1182 (11th Cir. 2005). Here, Hobson must demonstrate plain error because, as noted above, he did not object to the Court instructions in conformance with Rule 33(d). He has failed to do that.

AFFIRMED.