# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3714

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Jerome Franklin Deering, also known | * | |
| as Nicholas Lavern Williams, | * | PUBLISHED |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 6, 1999
Filed:   June 3, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Jerome Franklin Deering was found guilty after a four-day jury trial of distributing, possessing with intent to distribute, and aiding and abetting the distribution and possession with intent to distribute, cocaine base (i.e., "crack cocaine"), in violation of 21 U.S.C. § 841(a)(1); and conspiring to distribute, and to possess with intent to distribute cocaine base (i.e., "crack cocaine"), in violation of 21 U.S.C. § 846.  The district court[1] sentenced Deering as a career offender to 360 months

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

imprisonment and eight years supervised release on each count, to run concurrently. After reviewing each of Deering's arguments on appeal, we affirm.

Before his trial, Deering made a motion to dismiss the indictment "on the grounds of selective prosecution." After a two-day hearing, the district court denied the motion. Deering's first argument on appeal is that he presented sufficient evidence in support of his motion to warrant an order directing the government to provide discovery.

The equal protection component of the Due Process Clause of the Fifth Amendment precludes selective enforcement of the law based upon an "unjustifiable" factor such as race. See United States v. Armstrong, 517 U.S. 456, 464 (1996). To establish a prima facie case which would compel the government to comply with discovery requests related to its charging decisions, "a defendant must demonstrate: 1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights." United States v. Parham, 16 F.3d 844, 846 (8th Cir. 1994). Absent a substantial showing to the contrary, governmental actions such as the decision to prosecute are presumed to be motivated solely by proper considerations. See Armstrong, 517 U.S. at 463-65.

After reviewing the parties' arguments and the evidence submitted at the hearing, we believe that the district court did not clearly err in determining Deering had failed to establish a prima facie case, see Parham, 16 F.3d at 846 (standard of review), and we affirm for the reasons stated in the district court's thorough and well-reasoned order.

Deering next argues--as he did in his new trial motion--that the government committed prosecutorial misconduct when it requested the district court to advise

defense witness Louise Miller-Johnson of her Fifth Amendment rights and of the statute of limitations for federal drug offenses. The district court rejected Deering's argument, stating that even assuming the conduct was improper it believed that Deering was not prejudiced.

It is well established that government interference with a defendant's right to present a defense--including calling defense witnesses--violates the Constitution. See e.g., United States v. Blackwell, 694 F.2d 1325, 1334 (D.C. Cir. 1982) (right of defendant in criminal case to call witnesses in his defense mandates that witnesses be free to testify without fear of government retaliation); United States v. Goodwin, 625 F.2d 693, 703 (5th Cir. 1980). However, even assuming the prosecutor's conduct was improper in this case--an issue not free from doubt--the district court correctly surmised Deering was not prejudiced. First, the testimony Miller-Johnson offered at trial was cumulative of other evidence supporting Deering's defense theory. Second, the statements in a post-trial affidavit Miller-Johnson signed did not contradict the voluminous evidence of Deering's guilt that was otherwise presented. See United States v. Goodlow, 105 F.3d 1203, 1207 (8th Cir. 1997) (if prosecutor's conduct is improper, court ascertains whether conduct prejudicially affected defendant's right to fair trial); Peeler v. Wyrick, 734 F.2d 378, 381-82 (8th Cir.) (harmless error analysis appropriate in case involving governmental interference with defendant's right to present own witnesses to establish defense), cert. denied, 469 U.S. 1020 (1984). For these reasons, the court did not abuse its discretion in denying Deering's new trial motion on this ground.

Deering next argues the district court erred in calculating his offense level under the Sentencing Guidelines. Deering was subject to and was sentenced under the "Career Offender" Guideline. See U.S. Sentencing Guidelines Manual § 4B1.1 (1995). Under that Guideline, a district court must consider the "Offense Statutory Maximum" of the offense of conviction to determine the base offense level. See id. The district court determined that because Deering had a previous drug conviction and the instant

offense involved more than 5 grams of cocaine base, the maximum statutory term to which Deering was exposed was life imprisonment. See 21 U.S.C. § 841(b)(1)(B)(iii) (defendant convicted of, inter alia, offense involving 5 grams or more of substance containing cocaine base, after prior felony drug offense conviction, shall be sentenced to not more than life imprisonment). When the statutory maximum is life, the base offense level is 37. See U.S. Sentencing Guidelines Manual § 4B1.1(A) (1995); United States v. Fountain, 83 F.3d 946, 948 (8th Cir. 1996), cert. denied, 520 U.S. 1253 (1997).

Deering argues that the district court incorrectly determined that the controlled substance was "crack" cocaine, and claims that because the evidence was insufficient to support this finding, he was subject to a statutory maximum of 30 years and an offense level of 34. See 21 U.S.C. § 841(b)(1)(C); U.S. Sentencing Guidelines Manual § 4B1.1(B) (1995). Even assuming, as Deering argues, that cocaine base under section 841(b)(1)(B)(iii) has the same definition as that adopted by the Guidelines (i.e., "crack"), the district court did not clearly err in finding that the substance in question was crack, because, inter alia, Cedar Rapids police officer Sheila Kolder testified at trial that the substance at issue was "rock-like" and DEA special agent David Mizell testified at trial that Deering told him that he sold crack cocaine to Kolder. See United States v. Covington, 133 F.3d 639, 643-44 (8th Cir. 1998) (reviewing for clear error district court's finding as to identity of drugs; relying on opinion of experienced police officer to sustain court's finding that drug was crack cocaine); United States v. Simpkins, 953 F.2d 443, 445 (8th Cir.) (district court permitted to rely on evidence received at trial when making findings for sentencing purposes), cert. denied, 504 U.S. 928 (1992); see also United States v. Stewart, 122 F.3d 625, 628 (8th Cir. 1997) (rejecting argument that there must be evidence that cocaine base contained cocaine hydrochloride and sodium bicarbonate before court may find substance is crack cocaine).

Deering next argues that he was deprived of his right to a fair trial when the district court denied him access to the government's "open file." Deering does not articulate how specifically he was prejudiced except to say that he may have learned of the existence of certain phone records and photographs. We conclude the district court did not abuse its discretion when it ordered the government to permit Deering's stand-by counsel--instead of Deering personally--to inspect the open file, especially in light of Deering's admission that he had previously removed a document from the file (even assuming the removal was inadvertent, as Deering claimed). See United States v. Roach, 28 F.3d 729, 732-33 (8th Cir. 1994) (reviewing district court's discovery rulings for abuse of discretion). We also reject Deering's argument that the government violated Brady[2] by failing to turn over the telephone records and photographs before trial, as the government provided Deering with the documents during the trial, the parties stipulated that Deering's phone number did not appear in the phone records, and the photographs were admitted in evidence at Deering's request. See United States v. Einfeldt, 138 F.3d 373, 377 (8th Cir.) (Brady is not violated where evidence is disclosed during trial), cert. denied, 119 S. Ct. 126 (1998); United States v. Janis, 831 F.2d 773, 776 (8th Cir. 1987) (late disclosure of evidence did not warrant reversal of convictions as evidence was not material and defendant could not show he was prejudiced by tardy disclosure), cert. denied, 484 U.S. 1073 (1988). Thus, we believe the court did not abuse its discretion in denying Deering's new trial motion based on the ground he did not receive the photographs, and to the extent Deering is suggesting he did not receive all the photographs taken, he provides no evidentiary support for his allegation.

Deering next asserts that the district court abused its discretion in not allowing him to play the audio portion of a videotape recording of a drug transaction that was

---

[2]Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that suppression by government of evidence favorable to accused upon request violates due process when evidence is material to guilt).

part of the charged conspiracy. We agree with the district court that any statement on the tape offered for the truth of the matter asserted would be hearsay, see Fed. R. Evid. 801(c) (hearsay is out-of-court statement by declarant offered in evidence to prove truth of matter asserted), and note the court specifically told Deering he could call the people who were recorded on the tape to testify and, if necessary, he could use the tape to impeach them. Thus, the court did not abuse its discretion in not allowing Deering to play the audio portion of the videotape to the jury. See United States v. Brown, 110 F.3d 605, 609 (8th Cir. 1997) (standard of review for district court's evidentiary rulings); cf. United States v. Cuny, 784 F.2d 853, 854 (8th Cir. 1986) (trial court did not abuse its discretion in sustaining government's hearsay objection where defendant could have asked proper questions but did not).

Deering next argues the district court erred in denying him additional funds to test a February 16, 1994, audio tape made by the Cedar Rapids Police Department. It is not entirely clear from Deering's argument on appeal what he hoped to prove if indeed the tape had been altered. The district court authorized several thousand dollars for testing of the tape, and we think the court did not abuse its discretion in not ordering the additional expert funds. See United States v. Valverde, 846 F.2d 513, 517 (8th Cir. 1988) (reviewing district court's denial of expert services for abuse of discretion); United States v. One Feather, 702 F.2d 736, 738 (8th Cir. 1983) (defendant has burden to show expert services are necessary to present adequate defense). To the extent Deering is arguing in his reply brief that the government could not lay a foundation for admitting any of the audio tapes it introduced at his trial because the government does not keep track of which machines record which tapes, this argument need not be addressed as it is made for the first time in the reply brief. See United States v. James, No. 98-2579, 1999 WL 173691,*4 (8th Cir. Mar. 31, 1999).

For the first time on appeal, Deering argues that the method by which grand juries are selected in the Northern District of Iowa resulted in an underrepresentation of African-Americans, in violation of the Sixth Amendment. Assuming the issue was

properly preserved, there is nothing in the record indicating how Deering's grand jury was selected or what its racial and ethnic composition was. Although Deering has a constitutional right to a grand jury randomly drawn from a representative cross-section of the community, see United States v. Artero, 121 F.3d 1256, 1260 (9th Cir. 1997), cert. denied, 118 S.Ct. 1089 (1998), due to a lack of record, we reject Deering's argument as he has failed to satisfy the elements of a prima facie case, see United States v. DiPasquale, 864 F.2d 271, 282-83 (3d Cir. 1988) (citing Duren v. Missouri, 439 U.S. 357, 364 (1979) (listing elements of prima facie case)), cert. denied, 492 U.S. 906 (1989). We also note this court has rejected similar attacks on the manner in which petit jury pools are selected in the Northern District of Iowa. See Einfeldt, 138 F.3d at 379.

Deering's argument that the district court lacked subject matter jurisdiction over him because his crime did not take place on federally-owned land and the Tenth Amendment reserves drug prosecutions such as his to the states is without merit. See United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993) (per curiam) (prosecution under 21 U.S.C. §§ 841(a) and 846 did "not run afoul of the Tenth Amendment" and statutes were valid exercise of Congress's Commerce Clause power); see also United States v. Brown, 72 F.3d 96, 97 (8th Cir. 1995) (per curiam) (noting interstate drug trade affects interstate commerce and § 841(a)(1) is a valid exercise of congressional power), cert. denied, 518 U.S. 1033 (1996).

Finally, in a supplemental brief, Deering argues that the government violated 18 U.S.C. § 201(c)(2) when it promised defense witness Cynthia Henderson a sentence reduction in exchange for her testimony at trial against him. Deering did not raise this issue in the district court, and the court did not commit plain error by failing to suppress Henderson's testimony. See United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir. 1999) (holding that § 201 "does not sweep so broadly as to prevent prosecutors from offering leniency to an individual in exchange for truthful testimony"); United States

v. Herron, 97 F.3d 234, 238 (8th Cir. 1996) (where defendant did not object below, this court reviews for plain error only), cert. denied, 519 U.S. 1133 (1997).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.