# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3118

_____

Arnold F. Hohn,

        Appellant,

v.

United States of America,

        Appellee.

\*    Appeal from the United States
District Court for the
District of Nebraska.

_____

Submitted: June 15, 1999
Filed: October 5, 1999

_____

Before HANSEN and MAGILL, Circuit Judges, and JONES,[1] District Judge.

_____

HANSEN, Circuit Judge.

Arnold F. Hohn appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Initially, we denied a certificate of appealability, see Hohn v. United States, 99 F.3d 892 (8th Cir. 1996) (vacated), but the Supreme Court vacated our decision and remanded to this court for further consideration. See Hohn v. United States, 118 S. Ct. 1969, 1978 (1998). We now

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

remand to the district court for a determination of whether Hohn has demonstrated a "gateway" factual innocence claim. <u>Schlup v. Delo</u>, 513 U.S. 298, 316 (1995).

## I.

A federal jury found Hohn guilty of all counts of an indictment alleging a number of drug-related offenses, including one count of using or carrying a firearm during and in relation to a drug trafficking crime. <u>See</u> 18 U.S.C. § 924(c)(1). In July 1992, the trial court sentenced Hohn to a 90-month term of incarceration. On direct appeal, we affirmed his convictions. <u>See</u> <u>United States v. Hohn</u>, 8 F.3d 1301, 1307 (8th Cir. 1993). Hohn's direct appeal did not challenge the section 924(c)(1) conviction or jury instructions related to that offense. At the time of his trial and direct appeal, this circuit (and others) had broadly interpreted the term "use," allowing the firearm's mere "presence and availability in light of the evident need" to demonstrate the use of a firearm. <u>United States v. Matra</u>, 841 F.2d 837, 842 (8th Cir. 1988) (internal quotation omitted) (abrogated).

In 1995, the United States Supreme Court effectively abrogated our interpretation of the term "use" when it concluded that the mere possession of a firearm, or the proximity or accessibility of a firearm to drugs or drug proceeds are insufficient grounds on which to sustain a conviction for "use" of a firearm under 18 U.S.C. § 924(c). <u>See</u> <u>Bailey v. United States</u>, 516 U.S. 137, 143-44 (1995) (holding that "use" requires "active employment of the firearm"). In Hohn's case, there was no evidence that Hohn had engaged in "active employment of the firearm" as <u>Bailey</u> requires. 516 U.S. at 144. Similarly, the instruction on "use" used at Hohn's trial, although consistent with then-existing circuit precedent, is inconsistent with the standard as interpreted by the Supreme Court in <u>Bailey</u>, because it allowed the jury to find Hohn guilty if the evidence showed that he had a firearm available to aid the commission of the drug crime. (<u>See</u> Appellant's App. at 108.) Relying on the principles announced in <u>Bailey</u>, Hohn filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. §

2255. The district court denied his motion, concluding that Hohn's failure to preserve any error on the section 924(c) count or the corresponding jury instructions at trial amounted to a waiver of the claim.

We initially denied Hohn a certificate of appealability, concluding that he had not stated a constitutional violation but a mere claim to a statutory right. See Hohn, 99 F.3d at 893 (vacated). The Supreme Court vacated that opinion, however, after the government conceded that Hohn's claim is constitutional in nature. The Supreme Court then remanded the case to this court for further consideration. Hohn, 118 S. Ct. at 1972, 1978. We now consider Hohn's claim.

II.

The district court dismissed Hohn's section 2255 motion, concluding that Hohn waived his Bailey claim by not raising it on direct appeal. Hohn argues that the district court erroneously dismissed his claim as waived, but he correctly acknowledges that his failure to raise the Bailey issue was a procedural default. See Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998), petition for cert. filed, (U.S. June 1, 1999) (No. 98-9670).

A procedural default may be excused "if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 118 S. Ct. 1604, 1611 (1998) (internal quotations and citations omitted); see also Murray v. Carrier, 477 U.S. 478, 485, 496 (1986). Hohn asserts that his procedural default should be excused because he is actually innocent of the section 924(c) offense.[2] "To establish actual innocence, petitioner must demonstrate that, in

_____

[2]We decline to address Hohn's claim that he can demonstrate cause and prejudice for his default, because he asserts this for the first time in his reply brief. See United States v. Deering, 179 F.3d 592, 597 (8th Cir. 1999) (noting this court need not address

light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley, 118 S. Ct. at 1611 (internal quotations omitted); accord, Schlup, 513 U.S. at 327-28.  The district court denied Hohn's  motion on the basis of waiver and therefore did not consider whether Hohn had demonstrated actual innocence to excuse his default.

Hohn first contends, and the government concedes, that there was no evidence to demonstrate that Hohn "used" a firearm within the meaning ascribed to the term by the Supreme Court in Bailey, which requires the government to show "active employment" of the firearm.  516 U.S. at 144.  Thus, Hohn is actually innocent of "using" a firearm during and in relation to a drug trafficking offense.

The instructions in this case also gave the jury the option of finding Hohn guilty of carrying a firearm during and in relation to a drug trafficking offense, and Hohn asserts that he is actually innocent of the "carry" prong of the offense as well.  In the section 924(c) context, the term "carry" is used in its primary sense, which includes conveying an article in a vehicle or bearing an article upon one's person or clothing. See Muscarello v. United States, 118 S. Ct. 1911, 1914-15 (1998); see also, Swedzinski, 160 F.3d at 501.  "In all of the cases in which we have upheld convictions for carrying guns during or in relation to a drug-trafficking offense, the defendant has had the weapon either in a car's hatchback, in the passenger compartment of a car, or on his person, and was thus carrying the offending weapons in an obvious, literal way." United States v. McKinney, 120 F.3d 132, 133 (8th Cir. 1997).

Hohn contends that the record indicates he is factually innocent of carrying a firearm during and in relation to the offense, while the government contends that the conviction is sustainable because the record sufficiently raises a reasonable inference

---

an argument made for the first time in a reply brief), petition for cert. filed, (U.S. Sept. 1, 1999) (No. 99-6152).

that Hohn carried a firearm. Among other things, the record in this case includes testimony of officers indicating that Hohn was arrested in his living room with one gram of methamphetamine in his wallet. He was not carrying a firearm on his person and no firearms were found in the living room. In his kitchen, officers found 15.8 grams of methamphetamine on the counter within one foot of three loaded pistols, two of which were in holsters. (Appellant's App. at 10-15.) In Hohn's bedroom, officers found another gun in a holster on top of a dresser near a sum of money. (Appellant's App. at 20.) Hohn argues that any inference that he carried the firearms into the house when he was observed by surveillance officers shortly before his arrest or during a drug crime is unreasonable because other people had access to his house and the government introduced no fingerprint evidence.

A determination of whether no reasonable juror could have convicted Hohn on the "carry" prong of the offense turns upon an examination of the whole record to ascertain what inferences are reasonable in light of the evidence presented. The district court dismissed this case on the basis of waiver in 1996 without the benefit of the Supreme Court's guidance in Bousley and Muscarello, and the parties have not yet had the opportunity to present the issue of factual innocence to the district court. Therefore, we believe it is appropriate to remand this case to permit the district court, in the first instance, to engage in the fact-bound analysis of whether Hohn is factually innocent of carrying a firearm during or in relation to a drug trafficking offense, in order to open the gateway for the consideration of his defaulted Bailey claim.

III.

Accordingly, we reverse the district court's dismissal of Hohn's section 2255 motion and remand to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.