**In re William Henry REDDING and Patricia Redding, Debtors.**

**David E. Schroeder, Appellant,**

v.

**Norman E. Rouse, Appellee.**

**No. 00–6092 WM.**

United States Bankruptcy Appellate Panel of the Eighth Circuit.

July 24, 2001.

## ORDER ON MOTION FOR REHEARING

The attorney for the debtors appealed an order directing him to disgorge $10,011.40 of the $11,011.40 fees he received for his costs and services in the bankruptcy case. Upon affirmance of the bankruptcy court's order, the appellant has moved for a rehearing or, alternatively, to alter or amend the judgment. For the reasons set forth below, we grant, in part, the alternative request for amendment of the judgment.

The appellant's motion first asserts that the court incorrectly reported that he failed to obtain authorization for his employment of the chapter 11 debtor. In this he is correct. While it is true that the appellant failed to obtain approval for the payments he received while the debtors were in a chapter 13 case, he did, as is demonstrated by the record, obtain an order approving his employment after the case converted to chapter 11. Thus, the court shall amend its opinion to reflect that fact. Upon this alteration of fact to be reported, the appellant merely asserts, without support, that he is therefore entitled to a judgment in his favor. We do not believe the amendment of this fact alters in any manner our conclusion that the bankruptcy court did not err it is findings or in the imposition of the sanction against the attorney. Thus, in all other respects, the appellant's motion for rehearing or alteration of the judgment will be denied.

The appellant's second contention is that the sanction imposed upon him was not, as this court concluded, "in keep-

ing with that imposed by other courts and consistent with the important policies underlying the disclosure provisions...." Appellant attempts to reargue that the sanction imposed upon him was the first and only instance of enforcement of the particular local rule at issue. The case authority in this regard is clear and in keeping with the court's original judgment. The sanction imposed by the bankruptcy court was consistent with that imposed by other courts and, indeed, was less harsh than many. The fact that the courts in one district have not heretofore enforced, had occasion to enforce, or found sanctions appropriate under a particular rule does not obviate the appellant's failure to comply with the rules. It is well settled that selective prosecution or enforcement under the law does not excuse an individual from the consequences of his actions unless some unjustifiable factor, such as race, is present in enforcing the rule against the individual. *Cf. United States v. Deering,* 179 F.3d 592, 595 (8th Cir.), *cert. denied,* 528 U.S. 945, 120 S.Ct. 361, 145 L.Ed.2d 283 (1999); *United States v. Swanson,* 509 F.2d 1205 (8th Cir.1975); *LeClair v. Saunders,* 627 F.2d 606 (2d Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). The mere fact that the bankruptcy court may not have had other violations brought to its attention or may not have deemed it appropriate to sanction other violators does not excuse appellant's failure to comply with the local rule or the Federal Rules of Bankruptcy Procedure. A bankruptcy court must have the authority not only to require compliance with the rules, but must also be accorded the discretion to issue sanctions where appropriate, and decline to do so if the circumstances warrant.

Finally, the appellant attempts to reargue his belief that the bankruptcy court impermissibly subordinated his claim. In effect, however, the bankruptcy court granted the appellant an opportunity to recover some of his fees through the claims process. We do not believe that the bankruptcy court's fashioning of this remedy was an abuse of discretion. By affording this relief, the bankruptcy court enforced the provisions in the local rules and Federal Rules of Bankruptcy Procedure governing attorney conduct before the bankruptcy court, preserved the rights of creditors in the case, and yet afforded the appellant an opportunity to obtain some remuneration for his services should there be sufficient assets in the estate. We cannot say that in enforcing the Code and rules, the bankruptcy court erred in performing its independent obligation, *Shareholders v. Sound Radio, Inc.,* 109 F.3d 873, 881 (3d Cir.1997), to oversee the fee process in the bankruptcy court, even in the absence of objections by any interested party.

An amended order of the Bankruptcy Appellate Panel will issue noting that the appellant properly filed an application for employment. In all other respects, the Motion for Rehearing Or, In the Alternative, To Alter or Amend the Judgment, is denied.