**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dale A. KLINE, Defendant–Appellant.**

**No. 04–1163.**

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 2004.

Decided May 26, 2004.

Timothy M. O'Shea, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Dale A. Kline, Federal Prison Camp, Duluth, MN, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Dale Kline pleaded guilty pursuant to a written plea agreement to one count of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Kline to 123 months' imprisonment followed by three years of supervised release, and imposed a $100 special assessment. Kline appeals, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes Kline's appeal is frivolous. Counsel's brief is facially adequate, so we limit our review to the potential issues identified in the brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam), and in the response Kline filed under Circuit Rule 51(b).

■ Counsel first points out that Kline entered a valid guilty plea taken by the district court in compliance with Federal Rule of Criminal Procedure 11, thus admitting the facts as charged and waiving his opportunity to present a defense on the merits. *United States v. Rietzke*, 279 F.3d 541, 545 (7th Cir.2002). Since there is no reason to believe that Kline wants to withdraw his guilty plea, it is unclear why counsel even discusses its validity. *See United States v. Maeder*, 326 F.3d 892, 893–94 (7th Cir.2003) (per curiam); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). In any event, counsel is correct that the district court here substantially complied with Rule 11; thus, any challenge to Kline's guilty plea would be frivolous.

■ That leaves potential arguments Kline could make regarding his sentence, and counsel identifies only one: that the district court should have departed downward because Kline's criminal history category of III over-represented the seriousness of his prior offenses. *See* U.S.S.G. § 4A1.3(b). At sentencing Kline argued that a downward departure was warranted

because his criminal history included only drunk driving offenses, including one nearly ten years old. The district court was unpersuaded because Kline had avoided even more criminal history points for yet another drunk driving offense that happened to be over ten years old. As is evident, the district court recognized its authority to depart downward but declined to do so as a matter of discretion, and so we would lack jurisdiction to review the court's decision. *E.g., United States v. Wren,* 363 F.3d 654, 663 (7th Cir.2004). Thus, we agree with counsel that the proposed argument would be frivolous.

■ In his Rule 51(b) response, Kline offers the patently frivolous claim that, because the Tenth Amendment reserves to the States those "powers not delegated to the United States," jurisdiction over his offense was proper only in Wisconsin state court and not in federal court. But Kline committed a federal crime, and 18 U.S.C. § 3231 not only gives federal courts jurisdiction over such crimes, it gives them *exclusive* jurisdiction; so it is a Wisconsin state court, not the federal district court, that would lack jurisdiction. *Cf. Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 483 n. 11, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981); *see also United States v. Geiger,* 263 F.3d 1034, 1040 (9th Cir.2001) ("[T]he Tenth Amendment does not bar Congress from enacting criminal statutes."); *United States v. Deering,* 179 F.3d 592, 597–98 (8th Cir.1999) (rejecting defendant's contention that Tenth Amendment reserves drug prosecution to the states).

■ Finally, counsel considers whether Kline could raise a claim of ineffective assistance of counsel, and Kline himself points to a number of counsel's alleged missteps that would support such a claim. But, as counsel recognizes, such a contention is better reserved for a collateral proceeding where the record may be fully developed, *see, e.g., Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), especially since Kline has the same counsel on appeal as he did in the district court, *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.