# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 03-3568

_____

United States of America,           *

                                        *

          Appellee,          *

                                        *      Appeal from the United States

   v.                        *      District Court for the

                                        *      Southern District of Iowa.

Robert Mark Dishman,        *

                                        *          [PUBLISHED]

          Appellant.        *

_____

Submitted: May 12, 2004
Filed: August 4, 2004

_____

Before BYE, HAMILTON,[1] and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Robert Mark Dishman pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was sentenced to 180 months of imprisonment. Dishman preserved his right to appeal the

_____

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the Fourth Circuit, sitting by designation.

district court's[2] denial of his motion to suppress evidence seized at his residence. Dishman argues that the search warrants were not supported by probable cause, that they contained technical deficiencies, and that the district court erred in making an alternative finding that the officers' actions were protected by the good-faith exception to the exclusionary rule established in United States v. Leon, 468 U.S. 897 (1984). We agree with the well-reasoned opinion of the district court, and we affirm.

Deputy Sheriff Vos applied for the search warrants based on his direct observations, as well as information he had obtained from other law enforcement officers. The affidavits of Deputy Vos contained the following information: Deputy Vos observed an individual purchase three cans of Coleman fuel, a substance sometimes used in the manufacture of methamphetamine. The individual left the store in a truck registered to Michael Belieu, who, according to information from Deputy Cook, was involved in the sale and manufacture of methamphetamine. The truck arrived at a residence owned by Robert Dishman, who previously had been charged with tampering with anhydrous ammonia, another methamphetamine precursor, and who, according to Deputy Griffiths, was involved in the manufacturing of methamphetamine. On another occasion, Deputy Vos had discovered a map to Mr. Dishman's residence when cleaning up a methamphetamine lab. Deputy Wilbur informed Deputy Vos that he had observed several items that are used in the manufacture of methamphetamine when responding to a domestic dispute at the Dishman residence. In the second affidavit, Deputy Vos noted that Officer Defenbaugh had observed an active methamphetamine lab, finished product, and known precursors after executing the first warrant, and that Dishman had admitted to Officer Defenbaugh that all the individuals present were involved with the manufacture of methamphetamine. Dishman argues that these assertions could not

---

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

have established probable cause for the search of his residence and vehicles because they contained stale and uncorroborated information.

We give considerable deference to the issuing judge's determination of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983). Our inquiry is to be focused on whether the issuing judge "had a substantial basis for concluding that a search would uncover evidence of wrongdoing." Id. (internal marks and quotation omitted). Applying the "totality-of-the-circumstances approach," id. at 230, we conclude that the facts set forth in the affidavits created a "fair probability" that law enforcement officers would discover evidence of illegal drug activity at the Dishman residence, see id. at 238. Even if the individual facts alleged in the affidavits would not alone have established probable cause, viewed together they provided enough credibility and support for the warrants to issue. See United States v. Allen, 297 F.3d 790, 794 (8th Cir. 2002) (noting that we do not "evaluate each piece of information independently; rather, we consider all of the facts for their cumulative meaning").

We reject Dishman's argument that the first warrant was invalid because the application did not comply with Iowa law. Evidence seized by state officers in conformity with the Fourth Amendment will not be suppressed in a federal prosecution simply because the underlying search warrant failed to conform to state law. See United States v. Bieri, 21 F.3d 811, 816 (8th Cir.), cert. denied, 513 U.S. 878 (1994).

Finally, we find no error in the district court's alternative reliance on the Leon good-faith exception. There is no indication that the magistrate abandoned his judicial role when he relied solely upon the facts asserted in the warrant applications or when he signed a second warrant to expand the scope of the first. Further, the district court credited the officer's testimony as to the timing of the warrants and the searches, and that credibility finding is "virtually unreviewable on appeal," United

3

States v. Gillon, 348 F.3d 755, 760 (8th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1735 (2004).

  For the foregoing reasons, we affirm the judgment of the district court.

_____