# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No.  05-1379

———————

| | |
|---|---|
| Mitchell A. Cannon, | * |
| | *   Appeal from the United States |
| Appellant, | *   District Court for the |
| | *   Western District of Missouri. |
| v. | * |
| | *   [UNPUBLISHED] |
| United States of America, | * |
| | * |
| Appellee. | * |

———————

Submitted: October 11, 2005
Filed:  December 28, 2005

———————

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

———————

PER CURIAM.

Mitchell Allen Cannon was convicted of being a felon in possession of a firearm.  The district court[1] admitted evidence from a search of Cannon's apartment, finding his consent was voluntary.  Cannon appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

# I.

In February 2004, two law enforcement officers responded to an anonymous phone call about strange odors coming from Cannon's apartment. The officers went to the apartment, identified themselves, and explained they were there to investigate odors in the area. One officer testified that Cannon said "come in." The other officer testified that Cannon answered the door, spoke with them, turned and went inside, leaving the door open for them to follow.

Once inside, the officers noticed several car batteries being charged – producing a very strong odor – as well as some ammunition on top of a television. After Cannon and the officers removed the batteries from the apartment, one officer asked if there were any guns there. Cannon replied he had hunting rifles, loaned to him by the apartment complex owner, a hunting partner of his.

During this investigation, one officer ran a record check on Cannon. It showed an outstanding warrant, so the officer informed Cannon he was going to be arrested. However, before being restrained, he asked to use the restroom. When he stood up, a small bag containing methamphetamine fell out of his pocket and was seized by the officers. Cannon was placed under arrest and asked if he would consent to a search of the apartment. He consented. The officers then found two rifles, one shotgun, the previously-seen ammunition, as well as a syringe, marijuana, and marijuana seeds.

Cannon moved to suppress this evidence, asserting his consent was not voluntary. He claims he was not "thinking clearly" because he had consumed alcohol and felt intimidated and coerced by the officers. The district court denied the motion, finding sufficient evidence that Cannon fully appreciated the consequences of his actions.

## II.

Cannon attacks the district court's determination that he gave constitutionally valid consent to the warrantless search of his apartment. In reviewing a denial of a motion to suppress, this court reviews factual findings for clear error, and legal conclusion de novo. *See **United States v. Huber***, 404 F.3d 1047, 1053 (8th Cir. 2005). Where the government relies on the defendant's consent to search, this court reviews the determination of voluntariness for clear error. *See **United States v. White***, 42 F.3d 457, 459 (8th Cir. 1994).

A search conducted without a warrant is per se unreasonable subject only to specifically established and well-delineated exceptions. *See **Katz v. United States***, 389 U.S. 347, 357 (1967). One exception is a search conducted with valid consent. *See **Davis v. United States***, 328 U.S. 582, 593-594 (1946). The government "has the burden of proving that the consent was, in fact, freely and voluntarily given." ***Bumper v. North Carolina***, 391 U.S. 543, 548 (1968).

Voluntariness is a question of fact determined by the totality of the circumstances. *See **United States v. Mancias***, 350 F.3d 800, 805 (8th Cir. 2003). This includes "both the characteristics of the accused and the details of the interrogation." ***Schneckloth v. Bustamonte***, 412 U.S. 218, 226 (1973). Threats, violence, or promises are factors to be considered. *See **Simmons v. Bowersox***, 235 F.3d 1124, 1132-1133 (8th Cir. 2001). In addition, a defendant's failure to protest is a factor in determining valid consent. *See **United States v. White***, 81 F.3d 775, 780 (8th Cir. 1996).

At the time of the search, Cannon was 46 years old and living on his own. Cannon does not suggest that his age or intelligence rendered him unable to give consent. To the contrary, he acknowledged his prior felonies and experience with the police from being "in jail so much." He did not protest or attempt to disrupt the search

of his apartment. *See **United States v. White**,* 81 F.3d at 780. His claims of involuntariness focus only on the armed officers' presence in his apartment and his alleged intoxication.

At the suppression hearing, Cannon testified he did not invite the police into his apartment and did not feel free to leave once they were inside. In addition, he testified he was intoxicated then. At no time during or before the search was Cannon advised of his *Miranda* rights, or of any right to refuse consent to either the search or the officers' entry into his apartment.

For a search to be constitutionally valid, the totality of circumstances must demonstrate that the police reasonably believe the search was consensual. *See **Illinois v. Rodriguez**,* 497 U.S. 177, 185-186 (1990); ***United States v. Sanchez**,* 156 F.3d 875, 878 (8th Cir. 1998). As to the entry into the apartment, the district court believed the officers' accounts. The officers also testified that only one partially-consumed beer can was visible in the apartment, and Cannon did not appear intoxicated or impaired. Although Cannon testified otherwise, the district court found "no evidence" of intoxication, specifically ruling that the officers were more credible. Such credibility determinations are "virtually unreviewable" on appeal. *See **United States v. Dishman**,* 377 F.3d 809, 811 (8th Cir. 2004); ***United States v. Harris**,* 352 F.3d 362 (8th Cir. 2003).

The absence of *Miranda* warnings does not alone demonstrate involuntariness. "While the state of the accused's mind, and the failure of the police to advise the accused of his rights, were certainly factors to be evaluated in assessing the 'voluntariness' of an accused's responses, they are not in and of themselves determinative." ***Schneckloth**,* 412 U.S. at 227. Most importantly, Cannon himself testified that he knew he had the right to refuse consent for the officers to enter.

That Cannon was already in custody does not invalidate his consent. "[T]he fact of custody alone has never been enough in itself to demonstrate a coerced confession or consent to search." ***United States v. Watson***, 423 U.S. 411, 424 (1976). "Because even persons who have been arrested and are in custody can voluntarily consent to a search," ***United States v. Chaidez***, 906 F.2d 377, 382 (8th Cir. 1990), Cannon's consent is not invalid for this reason.

Based on the totality of the circumstances, the district court did not clearly err in denying Cannon's motion to suppress.

## III.

The judgment of the district court is affirmed.

_____