# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 06-3507

_____

Gary L. Smith,                                *
                                             *
                  Appellant,                  *
                                             *     Appeal from the United States
       v.                                    *     District Court for the
                                             *     Western District of Missouri.
United States of America,                     *
                                             *     [UNPUBLISHED]
                  Appellee.                    *


_____

Submitted: September 25, 2007
Filed: December 4, 2007

_____

Before COLLOTON, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Gary Smith appeals from the final order entered in the district court[1] denying his 28 U.S.C. § 2255 motion. For reversal, Smith raises multiple ineffective assistance of counsel claims, *Brady* violations and an illegal search and seizure claim. We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Smith was charged with child pornography offenses in violation of 18 U.S.C. §§ 2251(a), 2252(a)(1), (2). Smith moved for suppression of all evidence seized from his residences, but the district court denied his motion to suppress. *United States v. Smith*, No. 02-5019-CR-SW-RED (W.D. Mo. Jan. 15, 2003). At trial, Smith requested the appointment of new counsel claiming that his counsel was ineffective. The district court denied the request. Smith was thereafter convicted. Prior to sentencing, Smith again moved to dismiss counsel due to ineffective assistance, and Smith's attorney moved to withdraw. The motion to withdraw was granted, and new counsel was appointed. The district court then sentenced Smith to 235 months, which included an upward departure.

Smith appealed, arguing that the district court erred in not appointing new counsel at trial, in granting an upward departure and in finding that his prior conviction for sexual abuse was related to child exploitation to trigger a fifteen year minimum sentence under 18 U.S.C. § 2251(d) (2000). This court affirmed the conviction and sentence. *United States v. Gary Lee Smith*, 367 F.3d 748 (8th Cir. 2004).

Smith subsequently filed this § 2255 motion alleging numerous ineffective assistance of counsel claims, many of which were raised for the first time in his § 2255 reply brief. Additionally, Smith alleged four *Brady* violations and raised an illegal search and seizure claim.

Upon careful review, we agree with the district court that Smith's ineffective assistance of counsel claims fail. First, the district court correctly concluded that Smith did not establish prejudice. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984) ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). Second, the district court did not err in dismissing claims raised for the first time in

a § 2255 reply brief. *Hohn v. United States*, 193 F.3d 921, 923-24 n.2 (8th Cir. 1999) (declining to address claims raised for the first time in a § 2255 reply brief).

We further agree with the district court that Smith's alleged *Brady* violations and illegal search and seizure claims fail. Because Smith did not raise these claims on direct appeal, they were procedurally defaulted. To overcome this default, Smith must demonstrate either (1) cause for the default and actual prejudice or (2) actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Smith failed to make a showing of actual prejudice or actual innocence. Therefore, the claims fail because Smith did not overcome the procedural default.

Accordingly, the district court judgment denying the § 2255 motion is affirmed. *See* 8th Cir. R. 47B.[2]

BEAM, Circuit Judge, concurring.

I concur in the result reached by the court because I believe that Smith failed to establish the prejudice element of any of his ineffective assistance of counsel claims.

---

[2]Smith has filed a pro se motion to file a supplemental reply brief and pro se motions to take judicial notice of numerous statements and documents. We generally do not consider pro se briefs when an appellant is represented by counsel. *See United States v. McIntosh*, 492 F.3d 956, 961 n.2 (8th Cir. 2007). We see no reason to deviate from this practice in this case. Additionally, we deny Smith's motion to take judicial notice. *See* Fed. R. Evid. 201(b); *Minn. Fed'n of Teachers v. Randall*, 891 F.2d 1354, 1359-60 n.9 (8th Cir. 1989) (per curiam) (holding that we need not take judicial notice of documents that were not part of the record before the district court).

I disagree, however, with the court's statement that "the district court did not err in dismissing claims raised for the first time in a § 2255 reply brief." Ante at 2 (citing Hohn v. United States, 193 F.3d 921, 923-24 n.2 (8th Cir. 1999)). In support of this referenced footnote, Hohn cites United States v. Deering, 179 F.3d 592, 597 (8th Cir. 1999) (per curiam), a direct criminal appeal.

In United States v. Lucas, 499 F.3d 769 (8th Cir. 2007) (en banc), also a direct appeal from a federal criminal prosecution, a majority of the judges in regular active service in this circuit, sitting en banc, permitted the United States to raise a new claim, over objection, which claim a majority of the en banc court ultimately deemed dispositive. This claim, not raised by the government in either the district court or in the government's opening or reply briefs to the three-judge appellate panel, was belatedly raised for the first time in the government's petition for rehearing en banc.

Thus, Lucas purged from this circuit's precedent the cited language from Deering and Hohn and from all cases advancing the same proposition, making it axiomatic that the district court should have considered the issues raised by Smith in his reply brief to that court.

_____