BEAM, Circuit Judge, concurring.
I concur in the result reached by the court because I believe that Smith failed to establish the prejudice element of any of his ineffective assistance of counsel claims.
I disagree, however, with the court’s statement that “the district court did not err in dismissing claims raised for the first time in a § 2255 reply brief.” Ante at 852 (citing Hohn v. United States, 193 F.3d 921, 923-24 n. 2 (8th Cir.1999)). In support of this referenced footnote, Hohn cites United States v. Deering, 179 F.3d 592, 597 (8th Cir.1999) (per curiam), a direct criminal appeal.
In United States v. Lucas, 499 F.3d 769 (8th Cir.2007) (en banc), also a direct appeal from a federal criminal prosecution, a majority of the judges in regular active service in this circuit, sitting en banc, permitted the United States to raise a new claim, over objection, which claim a majority of the en banc court ultimately deemed dispositive. This claim, not raised by the government in either the district court or in the government’s opening or reply briefs to the three-judge appellate panel, was belatedly raised for the first time in the government’s petition for rehearing en banc.
Thus, Lucas purged from this circuit’s precedent the cited language from Deering and Hohn and from all cases advancing the same proposition, making it axiomatic *853 that the district court should have considered the issues raised by Smith in his reply brief to that court.