# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3167

_____

Brock Fay Fish

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: November 15, 2018
Filed: January 15, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Brock Fay Fish, who is currently serving 240 months in prison for conspiring to distribute drugs, filed a motion under 28 U.S.C. § 2255 seeking to set

aside his sentence. The district court[1] denied the motion and refused to issue a certificate of appealability on any of the six issues he raised. An administrative panel of this court granted him a certificate of appealability on one issue:

> Brock Fish's application for a certificate of appealability is granted on the claim that Fish received ineffective assistance of counsel in [his criminal case] when counsel advised him to plead guilty with a stipulation to a base offense level of 38 under the United States Sentencing Guidelines, despite the possibility that USSG § 2D1.1(a)(2) was not applicable in light of *Burrage v. United States*, [571 U.S. 204, 218–19] (2014), and the possibility that Fish would not have pleaded guilty but for the advice. *See* R. Doc. 593 at 10-21; R. Doc. 603. *The parties also may address whether this claim was properly raised in the district court in [Fish's postconviction proceeding]*.

(Emphasis added). Upon careful review of the record and the parties' arguments, we conclude that Fish forfeited the certified issue by failing to include it in his section 2255 motion.

Four of the six grounds for relief in the motion identified specific deficiencies in counsel's performance: allowing Fish to talk to investigators without receiving anything in return; failing to tell him about a deadline for accepting a plea deal; letting him enter into an initial plea agreement without a specific sentencing recommendation; and remaining silent when the district court criticized him. A fifth relied on those four to allege "cumulative . . . ineffectiveness." Although these theories alleged ineffective assistance of counsel, none focused upon counsel's advice that he plead guilty to an offense with a stipulated base offense level of 38, which is the only question we certified for review.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

The sixth ground came closer to the certified issue. It alleged that the district court should not have sentenced him under U.S.S.G. § 2D1.1(a)(2), which increases the base offense level for selling drugs if they cause "death or serious bodily injury." But the question Fish raised in the motion was whether section 2D1.1(a)(2) applied to him, not whether counsel's advice on this point fell "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). This omission is conspicuous because each of his other claims questioned counsel's performance. The district court cannot be expected to address claims no one properly raises, even when the litigant is pro se.[2] *Cf. Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001).

Finally, we note that Fish does not limit his arguments to the question we certified. For example, the certificate of appealability contemplates a challenge to the guilty plea itself, as indicated by its reference to "the possibility that Fish would not have pleaded guilty" in the absence of counsel's advice. On appeal, however, Fish primarily seeks a new sentencing hearing, not an order setting aside his plea. Fish also attacks various other decisions made by counsel during his criminal case, rather than focusing on the single point we identified. To the extent Fish's arguments address uncertified issues, they are not properly before us. *See* 28 U.S.C. § 2253(c)(1)(B), (3).

Fish forfeited the only issue he was authorized to pursue on appeal, so we affirm the judgment of the district court.

_____

_____

[2]To be sure, Fish eventually connected his argument about section 2D1.1(a)(2) to his dissatisfaction with counsel's performance, but he did so only in his reply brief, too late to properly raise a new issue before the district court. *See, e.g., McGhee v. Pottawattamie County*, 547 F.3d 922, 929 (8th Cir. 2008); *cf. Hohn v. United States*, 193 F.3d 921, 923 n.2 (8th Cir. 1999).